UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD H. WARREN,

        Plaintiff,

  v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, STAFFORD CREEK CORRECTIONS CENTER, ERIC JACKSON, DAN VAN OGLE, PAT GLEBE, CUS SHANAHAN, WILLIAM COPLAND, and ABRAM CLARK,

        Defendants.

NO. C11-5686 BHS/KLS

**ORDER**

Before the Court are several motions filed by Plaintiff (ECF Nos. 22, 23, 24, 25, 27 and 28) and Defendant's motion to strike (ECF No. 29). Having reviewed the motions, responses, and balance of the record, the Court finds and **ORDERS as follows:**

**BACKGROUND**

Plaintiff alleges that Defendants discriminated against him when they denied him access to the Religious Services Building. ECF No. 5. He also alleges that Defendants failed to provide him with adequate medical treatment when they transferred him to another facility while he was undergoing medical treatment for Hepititis C. *Id.* at 5-6. Plaintiff also alleges that his property was withheld until he was willing to pay for its shipping. *Id.* at 6.

ORDER - 1

## DISCUSSION

**A.      ECF Nos. 22, 24 and 28 – Motions for Discovery at Defendant's Expense**

In ECF Nos. 22 and 24, Plaintiff requests an Order from the Court requiring the Defendants to disclose witnesses, produce documents, respond to requests for admission, schedule depositions, and answer interrogatories. ECF Nos. 22 and 24. Plaintiff is advised that (1) an Order is not required to conduct discovery and (2) discovery requests are not filed with the Court. Plaintiff must direct his discovery requests to the parties pursuant to the rules of discovery. In the event the discovery requests are not complied with, Plaintiff must confer with opposing counsel in a good faith attempt to resolve the discovery dispute. Finally, if the attempt to confer is unsuccessful, Plaintiff may file a motion to compel, which shall include a certification that he, in good faith, conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention in accordance with Fed. R. Civ. P. 37(a)(2)(B). Only after all of these steps have been complied with may Plaintiff file a motion with the Court.

In the foregoing motions, Plaintiff asks that the cost of discovery be borne by the Defendants. ECF Nos. 22 and 24. In another motion, Plaintiff asks for a general assessment of all costs, which are unspecified, but which are to include: "court costs, lawyers costs, copy costs, witness fees, medical second opinion, transport and housing fees, court housing fees and courthouse fees, witness trial, travel, expenses, and room and board costs and fees, witness lost wage compensation costs, and outside of DOC medical second opinion, examination and testing at Defendants' expense." ECF No. 28.

There is nothing in the Federal Rules entitling Plaintiff to shift his costs of discovery or any other cost of litigating his case to Defendants. Plaintiff must bear the costs of litigating his case. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, and the *in forma pauperis* statute does not authorize the expenditure of public funds for the purposes sought by Plaintiff in his motions. *See Tedder v. Odel*, 890 F.2d 210 (9th Cir.1989) (citations omitted). Accordingly, these motions are denied.

**B.    ECF No. 23 and 25 – Motions for Medical Examination**

In these motions, Plaintiff seeks an "outside of DOC medical second opinion" and "transport and housing to a primary or secondary hospital" for the purpose of obtaining the second medical opinion. ECF Nos. 23 and 25.

Pursuant to Rule 35 of the Federal Rules of Civil Procedure, a district court may, under appropriate circumstances, order a party to submit to a physical examination at the request of an opposing party. However, Rule 35 "does not vest the Court with authority to appoint an expert to examine a party wishing an examination of himself." *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009); *see also, e.g., Baker v. Hatch*, 2010 WL 3212859, *3 (E.D. Cal. 2010) (finding no authority under Rule 35(a) to grant *pro se* prisoner plaintiff's request for medical examination); *Adams v. Epps*, 2008 WL 4861926, *1 (S.D. Miss. 2008) (same); *Cabrera v. Williams*, 2007 WL 2682163, *2 (D. Neb. 2007) (same).

Plaintiff appears to be seeking a "second opinion" at Defendants' expense because he disagrees with the medical treatment he has received. If Plaintiff wishes to hire an expert to provide him with a second opinion, he is free to do so. As noted above, Plaintiff is responsible for his litigation costs. Therefore, this motion is denied.

ORDER - 3

1  **C.     ECF No. 27- Motion for Transport and Housing for Plaintiff at Trial**

In this motion, Plaintiff requests an order for his transport and housing during the trial of this case.  ECF No. 27.  This motion is premature.  This case is not currently set for trial.  None of the pretrial deadlines set in this case have passed.  *See* Pretrial Scheduling Order dated November 29, 2011 (discovery completed by June 1, 2012; dispositive motions due by September 7, 2012; and, Joint Status Report due by December 7, 2012).  ECF No. 20.

There are also no motions currently pending before the Court that would require Plaintiff's presence.  In addition, unless otherwise ordered by the Court, all motions will be decided by the Court without oral argument and counsel and parties shall not appear on the date a motion is noted.  CR 7(b) (4) Local Rules W.D. Wash.   Plaintiff may file his request for transport at a later time if it is determined that a trial is necessary and if so, to what extent travel may be required.   This motion is denied.

**D.     Defendants' Motion to Strike (ECF No. 29)**

In this motion, Defendants move to strike Plaintiff's Case History and Dated Interferone Injection Chart (ECF No. 19), Declaration of Service by Mail (ECF No. 17) and Response to Defendant's Answer and Jury Demand (ECF No. 21).

Plaintiff filed his complaint on September 8, 2011.  ECF No. 5.  On November 21, 2011, Plaintiff filed a "Declaration of Service by Mail" which had various letters attached regarding public disclosure requests, as well as letters from the ACLU and Columbia Legal Services regarding legal assistance.  ECF No. 17.  On November 13, 2011, Defendants filed their Answer to the complaint.  ECF No. 18.  This was followed by numerous pleadings from

the Plaintiff, including Plaintiff's Case History and Response to the Defendants' Answer to Complaint and Jury Demand.  ECF Nos. 19 and 21.

Fed. R. Civ. P. 7(a) allows a complaint and an answer.  Fed. R. Civ. P. 7(a).  A reply is permitted where there is a counter claim.  *Id.*  An answer by a co-defendant is permitted where there is a cross claim.  *Id.*  The rule provides "no other pleadings shall be allowed except that the Court may order a reply to an answer. . . "

The federal rules are clear on what pleadings are permitted. The federal rules do not provide for a reply from the Plaintiff nor has the Court ordered the Plaintiff to file a reply.  Plaintiff's Case History and "Declaration of Service by Mail" (to attach and submit various letters to the court) are similarly not allowed.  If Plaintiff wishes to have such matters reviewed by the Court, he may submit them as part of properly filed motions.   This motion is granted.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motions (ECF Nos. 22, 23, 24, 25, 27, and 28) are **DENIED.**

(2) Defendant's motion (ECF No. 29) is **GRANTED.**

(3) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this   27th   day of January, 2012.

Karen L. Strombom
United States Magistrate Judge