UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD H. WARREN,

                Plaintiff,

   v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, STAFFORD CREEK CORRECTIONS CENTER, ERIC JACKSON, DAN VAN OGLE, PAT GLEBE, CUS SHANAHAN, WILLIAM COPLAND, and ABRAM CLARK,

                Defendants.

No. C11-5686 BHS/KLS

ORDER GRANTING MOTION TO QUASH

Before the Court is Defendants' Motion to Quash the Notices of Deposition directed to Bernie Warner and Superintendent Pat Glebe. ECF No. 48. Plaintiff has filed a response and concedes that Bernie Warner was not an active participant in his grievance process and therefore, need not be deposed. ECF No. 49. However, he objects to Defendants' motion to quash as to Defendant Pat Glebe. *Id.* For the reasons set forth below, the Court finds that the motion to quash the deposition of Pat Glebe should be granted.

## DISCUSSION

A district court is vested with broad discretion to permit or deny discovery. *See Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). As a general rule, agency heads and top government officials are not subject to deposition. *U.S. v. Morgan*, 313 U.S. 409 (1941); *Thomas v. Cate,* 715 F. Supp.2d 1012, 1049 (E.D. Cal. 2010); *In re United States of America*,

ORDER- 1

985 F.2d 510, 512 (11th Cir. 1993); *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979); *California State Board of Pharmacy v. Superior Court*, 78 Cal. App. 3d 641, 144 Cal. Rptr. 320 (1978); *State v. Mitchell*, 164 N.J. Super. 198, 395 A.2d 1257 (1978); *Sykes v. Brown*, 90 F.R.D. 77, 78 (E.D.Pa. 1981). High-ranking officials should not be deposed absent extraordinary circumstances, even if the deposition seeks to probe their reasons for taking official action. *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (C.A.D.C. 1985) (citing *E.E.O.C. v. K-Mart Corp.,* 694 F.2d 1055, 1067-68 (6th Cir.1982)); *see also In re United States (Holder)*, 197 F.3d 310, 313 (8th Cir.1999); *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir.1995). "Such a requirement should be discouraged as "contrary to the public interest." *California State Board of Pharmacy*, 78 Cal. App. 3d at 645 (quoting *Union Savings Bank of Patchogue, New York v. Saxon*, 209 F. Supp. 319, 319-320 (D.D.C. 1962)).

Once the Court determines that an official is entitled to invoke the privilege, the burden shifts to the party seeking to depose the high-ranking official. *See United States v. Sensient Colors, Inc.,* 649 F. Supp.2d 309, 320 (D.N.J. 2009). A party seeking the deposition of a high-ranking official must show: (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources. *Thomas v. Cate,* 715 F. Supp.2d at 1049; (citing *Buono v. City of Newark*, 249 F.R.D. 469, 471 n. 2 (D.N.J. 2008)). Stated another way, the extraordinary circumstances test may be met when high-ranking officials "have direct personal factual information pertaining to material issues in an action," and the "the information to be

ORDER- 2

gained is not available through any other sources." *Boga v. City of Boston*, 489 F.3d 417, 423 (1st Cir.2007).

Additionally, any testimony sought regarding the Department's deliberative processes in developing its policies is irrelevant in this action. "Courts cannot, and should not, undertake a probe of the mental processes utilized by an administrative officer in performing his function of decision." *Ledgering v. State*, 63 Wn.2d 94, 101, 385 P.2d 522 (1963) (citing *United States v. Morgan*, 313 U.S. 409, 420, 61 S.Ct. 999, 85 L.Ed. 1429 (1941)).

There is no dispute that Defendant Glebe, the Superintendent of the Stafford Creek Corrections Center, is a high ranking official. *See, e.g.*, *New York State Dept. of Correctional Servs. v McCall*, 109 A.D.2d 953, 486 N.Y.S.2d 443 (1985) (referring to prison superintendent as "high-ranking official"); *O'Rourke v. Pennsylvania Dept. of Corrections*, 730 A.2d 1039, 1042 (Pa.Cmwlth. 1999) (referring to prison superintendent as high-ranking official).

In addition, Plaintiff has shown no extraordinary circumstances requiring the deposition of Defendant Glebe. Plaintiff does not mention Defendant Glebe by name in his complaint and he does not allege that Defendant Glebe participated in any alleged constitutional violations. ECF No. 5, at 4-9. Defendant Glebe appears to have been named merely for his role as Superintendent. Plaintiff argues that Defendant Glebe actively took part in Plaintiff's grievance process and therefore, it is important that he be deposed. Defendants do not dispute that Defendant Glebe responded to some of Plaintiff's grievances at Level II. However, Plaintiff does not allege how this violated his constitutional rights and more importantly, he does not explain why obtaining Defendant Glebe's deposition testimony on this issue is relevant or essential to the issues in this case.

ORDER- 3

The Court may enter an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Plaintiff has not articulated how the testimony he seeks from Mr. Glebe is relevant to his claims or that Mr. Glebe has first-hand knowledge that cannot be easily obtained from another source or through less burdensome means.

Accordingly, it is **ORDERED:**

(1) Defendants' motion to quash (ECF No. 48) is **GRANTED.** The Deposition Notice for the Deposition of Pat Glebe is hereby **QUASHED.**

(2) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this 13th day of June, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER- 4