UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD H. WARREN,<br><br>                      Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, STAFFORD CREEK CORRECTIONS CENTER, ERIC JACKSON, DAN VAN OGLE, PAT GLEBE, CUS SHANAHAN, WILLIAM COPLAND, and ABRAM CLARK,<br><br>                      Defendants. | No. C11-5686 BHS/KLS<br><br>ORDER DENYING "OBJECTIONS" TO DISCOVERY |

      Before the Court is Plaintiff's Motion to Compel. ECF No. 43. Plaintiff moves the Court to compel Defendants to produce "complete and entire discovery responses." *Id.* The Court took no action on two previous documents filed by Plaintiff (ECF Nos. 39 and 40), in which he made similar requests, because he failed to first meet and confer with Defendants' counsel prior to filing a proper motion to compel. See ECF No. 41. Included in this motion to compel is a certification, in which Plaintiff swears under penalty of perjury that "as of April 29, 2012", counsel for Defendants had not responded to his attempts to confer. ECF No. 43-1, at 1.

     According to counsel for Defendants, Defendants received Plaintiff's discovery request titled "Revised Submitted Request for Deposition, Interrogatories, Admission, Production, Inspection, Reviewing" on February 9, 2012. ECF No. 47, Exhibit 1 (Declaration of Ohad M.

ORDER- 1

Lowy), ¶ 3. On March 7, 2012, Defendants served Plaintiff with their objections and responses to this request and provided to Plaintiff 72 pages of responsive documents. *Id.* ¶ 4. On April 23, 2012, Defendants' counsel received from Plaintiff a request to meet and confer regarding discovery responses. *Id.*, ¶ 5. On April 24, 2012, Defendants' counsel contacted the institution where Plaintiff was located to set up the telephonic conference. *Id.*, ¶ 6. On April 25, 2012, the institution contacted Defendants' counsel confirming the telephonic conference would be held on April 30, 2012. *Id*. On April 30, 2012, within 5 business days of receiving Plaintiff's letter, the parties participated in a telephonic conference to discuss discovery. During the call, Plaintiff informed Defendants' counsel that he had already mailed his motion to compel to the court prior to conferring with counsel in good faith. *Id.*, Exhibit 1, ¶ 6. Defendants' counsel received the instant motion on May 2, 2012.

While a party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby," the motion must also include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).

The Court anticipates that the parties will confer and make a good faith effort to resolve any discovery disputes without Court interference. Based on the record before it, the Court finds that Plaintiff has not made a good faith effort to confer with Defendants' counsel prior to bringing this motion. The record reflects that Defendants' counsel set up the telephonic conference immediately after receiving Plaintiff's letter and that the conference occurred within

ORDER- 2

a week after Plaintiff's letter.  Plaintiff filed his motion to compel before the conference could occur.

Accordingly, it is **ORDERED:**

(1)    Plaintiff's motion to compel (ECF No. 43) is **DENIED.**

(2)    The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  13th   day of June, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER- 3