UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD H. WARREN,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, STAFFORD CREEK CORRECTIONS CENTER, ERIC JACKSON, DAN VAN OGLE, PAT GLEBE, CUS SHANAHAN, WILLIAM COPLAND, ABRAM CLARK<br><br>    Defendants. | CASE NO. C-11-5686 BHS/KLS<br><br>ORDER DENYING MOTION FOR COUNSEL |

Before the Court is Plaintiff's Motion for Appointment of Counsel. ECF No. 61. Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

1  *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional
2  circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]
3  the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal
4  issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting
5  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he
6  has an insufficient grasp of his case or the legal issue involved and an inadequate ability to
7  articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d
8  1101, 1103 (9th Cir. 2004).

9  That a *pro se* litigant may be better served with the assistance of counsel is not the test.
10  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues
11  involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further
12  facts during litigation.  But, if all that was required to establish the complexity of the relevant
13  issues was a demonstration of the need for development of further facts, then practically all cases
14  would involve complex legal issues.  *Id.*

15  Plaintiff states that he is unable to afford an attorney and that he is unable to further
16  represent himself.  ECF No. 61.  However, Plaintiff does not meet the criteria for the
17  appointment of counsel and has not shown that he is unable to continue representing himself in
18  this litigation.   Plaintiff has shown an ability to articulate his claims in a clear fashion
19  understandable to this Court. The pleadings in this case demonstrate that Plaintiff is familiar with
20  the Court rules and the law pertaining to his claims.   This is not a complex case involving
21  complex facts or law.  Plaintiff alleges that he was wrongfully transferred to another facility and
22  subjected to discrimination and retaliation.  This case will not require the use of experts or any
23  other in-depth analysis or argument.
24

1   In addition, Plaintiff has not shown that he is likely to succeed on the merits of his case
2   other than to state, in conclusory fashion, that Defendants violated his constitutional rights.
3   Plaintiff has failed to demonstrate he meets the "exceptional circumstance" for an
4   appointment of counsel in this case.
5   Accordingly, it is **ORDERED:**
6   (1)   Plaintiff's motion for counsel (ECF No. 61) is **DENIED.**
7   (2)   The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.
8   **Dated** this 22nd day of October, 2012.

Karen L. Strombom
United States Magistrate Judge