UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD H. WARREN,<br><br>                  Plaintiff,<br><br>  v.<br><br>DOC, DEPARTMENT OF CORRECTIONS, STAFFORD CREEK CORRECTIONS CENTER, ERIC JACKSON, DAN VAN OGLE, PAT GLEBE, CUS SHANAHAN, WILLIAM COPLAND, ABRAM CLARK,<br><br>                  Defendants. | No. C11-5686 BHS/KLS<br><br>ORDER DENYING MOTION TO COMPEL |

Before the Court is Plaintiff Richard H. Warren's motion to compel. Plaintiff seeks the production of two letters in unredacted form. ECF No. 55. Defendants assert that the Plaintiff is not entitled to the redacted information. ECF No. 59. Having carefully reviewed the motion, response, and balance of the record, the Court denies Plaintiff's motion.

**FACTS**

On August 16, 2012, Defendants received a letter from Plaintiff dated August 14, 2012. ECF No. 59, Exhibit 1 (Declaration of Kevin Elliott), Attachment A. In this letter, Plaintiff requested a letter that Ms. Jerri Davis sent to Associate Superintendent Eric Jackson, documenting her concerns with Plaintiff. *Id.*, Exhibit 1, Attachment A. Plaintiff alleged that Ms. Davis' letter should have been turned over in response to his previous discovery requests. *Id.*, Exhibit 1, Attachment A. On August 21, 2011, counsel for Defendants sent a letter to Plaintiff in reply, stating that Ms. Davis' letter had not previously been provided because it was not deemed

ORDER - 1

responsive to Plaintiff's requests for production.  *Id.*, Exhibit 1, Attachment B.  A copy of the letter was sent to Plaintiff, along with a copy of another letter that Ms. Davis had previously sent to the facility chaplain.  *Id.*, Exhibit 1, Attachment B.  The copies of the letters were redacted to omit Ms. Davis' personal contact information.  *Id.*, Exhibit 1, Attachment B.

**DISCUSSION**

Plaintiff argues that the motion to compel should be granted because the letters were not previously provided in response to his discovery requests.  He maintains that defense counsel wrongfully withheld the letters because they contained personal information when he could have simply redacted the personal information and produced them.  Alternatively, he argues that he is entitled to production of the letters in their unredacted form because he wants to sue the author of the letter "in a private suit."  ECF No. 55, pp. 3-4.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).  Under Federal Rule of Civil Procedure 37, a party may move for an order compelling disclosure or discovery.  Specifically, a party may move for an order to compel a discovery response if a party fails to respond that inspection will be permitted, or fails to permit inspection, as requested under Rule 34. FRCP 37(a)(3)(B)(iv).

Here, the documents Plaintiff seeks have already been provided to him.  Therefore, his motion to compel is moot.  According to counsel for Defendants, the letters from Ms. Davis were not initially produced in response to Plaintiff's discovery requests because they were not deemed responsive to his requests, not because they contained Ms. Davis' personal address and telephone

ORDER - 2

numbers. ECF No. 59, Exhibit 1, Attachment B.  The letters are also included as part of an exhibit to Defendants' motion for summary judgment (ECF No. 56).

The Exemption Log relating to the production of the Davis letters reflects that the only information that was redacted from the letters includes Ms. Davis' personal address and telephone number.  ECF No. 59, Exhibit 1, Attachment B.  Plaintiff fails to show how this personal information is relevant, or likely to lead to the discovery of admissible evidence regarding the claims in his complaint.  Plaintiff's stated reason for his need of the redacted information -- that he may bring a private lawsuit against Ms. Davis -- is completely unrelated to the claims raised in this lawsuit.

Accordingly, it is **ORDERED:**

(1)   Plaintiff's motion to compel (ECF No. 55) is **DENIED**.

(2)   The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this 22nd day of October, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3