UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD H. WARREN,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. C11-5686 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 73), and Plaintiff Richard H. Warren's ("Warren") objections to the R&R (Dkt. 74).

On December 10, 2012, Judge Strombom issued the R&R recommending that the Court grant Defendants' motion for summary judgment. Dkt. 73. On December 20, 2012, Warren filed objections. Dkt. 74.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

ORDER - 1

1    In this case, Warren asserts three specific objections to the R&R. First, Warren
2 objects to Judge Strombom adopting Defendant Eric Jackson's statement that the facility
3 that Warren was transferred to had a sponsor for Warren's particular religion. Dkt. 74 at
4 1–3. Warren states that, although the facility has an Orthodox Jewish meeting group, the
5 group does not have a sponsor. *Id*. While this may be a question of fact, the question is
6 not material to Warren's free exercise or retaliation claim. Therefore, the Court declines
7 to modify or reject the R&R on this basis.

8    Second, Warren objects to Judge Strombom's exclusion of his handwritten
9 transcripts of certain depositions. Dkt. 74 at 4. Handwritten transcripts are not
10 admissible evidence and cannot be relied upon in opposition to summary judgment. *See*
11 Fed. R. Civ. P. 28(c), 30(f), and 56. Therefore, Warren's objection is without merit.

12    Third, Warren objects on the basis that Judge Strombom "neglected to address the
13 issue of eye witnesses to the alleged confrontation" that precipitated Warren's transfer.
14 Dkt. 74 at 4. While this may raise a question of fact as to what transpired during one
15 specific incident, the question is not material to the issues before the Court. The sponsor
16 that Warren confronted, Ms. Davis, documented and conveyed her discomfort with Mr.
17 Warren based on interactions after the alleged confrontation. Defendant Jackson's
18 decision to separate Warren from Ms. Davis was based on post-confrontation matters and
19 any dispute as to the actual confrontation is immaterial to Warren's claims. Therefore,
20 the Court declines to reject or modify the R&R based on this objection.

21    Therefore, the Court having considered the R&R, Warren's objections, and the
22 remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion for summary judgment (Dkt. 56) is **GRANTED**;

(3) The Clerk shall enter **JUDGMENT** for Defendants against Warren; and

(4) Warren's *in forma pauperis* status is **REVOKED** for purposes of appeal.

Dated this 30th day of January, 2013.

BENJAMIN H. SETTLE  
United States District Judge

ORDER - 3